IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WU, )
        Petitioner, )   No C 06-3263 VRW (PR)
  vs. )   ORDER OF DISMISSAL
SUZAN HUBBARD, Acting Warden, )
        Respondent. )

      Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, California, filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging a conviction from the Superior Court of the State of California in and for the County of Santa Clara. He later filed a supplement to the petition (and numerous exhibits), seeking to add new claims and arguments.

      Per order filed on August 28, 2006, the court dismissed the petition with leave to amend to file an amended petition containing all exhausted federal claims petitioner wishes to pursue in this habeas action   The court advised petitioner that the amended pleading must be simple and concise, and in the court's habeas form. It further advised him that failure to file a proper amended petition within 30 days would result in the dismissal of his action.

Petitioner filed numerous supplements and exhibits, and finally a First Amended Petition ("FAP"). He continued filing more exhibits and supporting documents.

Per order filed on April 5, 2007, the court dismissed the FAP with leave to amend. The court explained:

> . . . The FAP is prolix and confusing. Although petitioner used the court's habeas form, he inserted numerous pages of rambling prose between the form's pages and wrote extensive comments and arguments along the margins of the form. It is essentially impossible to ascertain from petitioner's FAP what claims he seeks to bring in federal court, much less how he exhausted any of them in the state courts. The subsequent exhibits and supporting documents confuse matters further by raising new arguments and claims.
>
> Petitioner's FAP will not do. "The Federal Rules require that averments 'be simple, concise, and direct.'" McHenry v Renne, 84 F3d 1172, 1177 (9th Cir 1996). Prolix, confusing petitions such as the one petitioner filed in this case impose unfair burdens on litigants and judges and fail to perform the essential functions of a petition. Cf id at 1179-80. Petitioner's FAP is DISMISSED.
>
> Petitioner will be afforded a final opportunity to file a simple, concise and direct petition which states clearly and succinctly each claim he seeks to bring in federal court and explains how each claim was exhausted in the state courts. The amended pleading must be in the court's habeas form (a blank copy is attached) and must include the caption and civil case number used in this order and the words SECOND AMENDED PETITION on the first page. Failure to file a proper amended petition within 30 days of this order will result in the dismissal of this action.

Apr 5, 2007 Order at 2.

Petitioner filed a Second Amended Petition ("SAP") accompanied by extensive supplements and exhibits. Unfortunately, the SAP is no better than the FAP. It is prolix and confusing, and fails to states clearly and succinctly each claim petitioner seeks to bring in federal court and fails to explain how any claim was exhausted in the state courts. Although petitioner again uses the court's habeas form, he again rambles on and on about the unfairness of the state criminal proceedings against him without setting forth any specific facts in

2

support of any specific claim for habeas relief under 28 USC § 2254. It is still virtually impossible to ascertain from petitioner's voluminous filings what claims he seeks to bring in federal court.

Rule 2(c) of the Rules Governing Habeas Corpus cases requires a habeas petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." See also <u>Hendricks v Vasquez</u>, 908 F2d 490, 491-92 (9th Cir 1990) (habeas petitioner must state his claims with sufficient specificity); <u>Wacht v Cardwell</u>, 604 F2d 1245, 1246-47 (9th Cir 1979) (same). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. <u>Mayle v Felix</u>, 545 US 644, 655-56 (2005) (citing 28 USC § 2253). Petitioner has not met Rule 2(c)'s demand despite being afforded two opportunities to do so. His prolix, confusing and conclusory allegations fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See <u>Allard v Nelson</u>, 423 F2d 1216, 1217 (9th Cir 1970). Petitioner's rambling and repeated calling the prosecutor a liar and his attorneys and trial judge unprofessional simply is not enough. The petition is DISMISSED without prejudice.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.06\Wu1.or3.wpd

3